# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| RUBY BLACKMON, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>EATON CORPORATION, )<br>)<br>    Defendant. ) | No. 2:11-cv-02850-JPM-tmp |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is the Magistrate Judge's Report and Recommendation (the "Report and Recommendation"), filed on June 6, 2013. (See ECF No. 52.) In the Report and Recommendation, the Magistrate Judge "recommend[s] that [Defendant's] motion for summary judgment be granted." (See id. at 34.)

On July 10, 2013, the Court granted Plaintiff (who had been proceeding pro se and had just retained counsel) an extension of time in which to respond to the Report and Recommendation. (See ECF No. 57.) Plaintiff, through counsel, filed objections to the Report and Recommendation on July 15, 2013. (See ECF No. 58.) Defendant responded to Plaintiff's objections on July 29, 2013. (See ECF No. 59.)

For the reasons stated below, the Report and Recommendation is ADOPTED. Accordingly, Defendant's Motion for Summary Judgment (ECF No. 23) is GRANTED and Plaintiff's claims are

hereby DISMISSED WITH PREJUDICE. The Court, however, does not certify that an appeal will not be taken in good faith.

## I. STANDARD OF REVIEW

The Court explains the standard of review relevant to the Report and Recommendation and then the standard of review applicable to summary-judgment motions.

### A. De Novo Review of the Report and Recommendation

Pursuant to federal statute,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b) (2006); accord Fed. R. Civ. P. 72(b)(3).

### B. The Summary-Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Chapman v. UAW Local 1005, 670 F.3d 677, 680 (6th Cir. 2012). "A fact is material for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 776 (6th Cir. 2012) (internal quotation marks omitted). "A dispute over

material facts is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." Chapman, 670 F.3d at 680 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)); accord Kalich v. AT & T Mobility, LLC, 679 F.3d 464, 469 (6th Cir. 2012).

"The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." Mosholder v. Barnhardt, 679 F.3d 443, 448 (6th Cir. 2012) (citing Celotex Corp., 477 U.S. at 323). "Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." Id. at 448–49 (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

> To show that a fact is, or is not, genuinely disputed, both parties are required to either "cite[] to particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Bruederle, 687 F.3d at 776 (alterations in original) (quoting Fed. R. Civ. P. 56(c)(1)); see also Mosholder, 679 F.3d at 448

3

("To support its motion, the moving party may show 'that there is an absence of evidence to support the nonmoving party's case.'" (quoting Celotex Corp., 477 U.S. at 325)).

"The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3); see also Emerson v. Novartis Pharm. Corp., 446 F. App'x 733, 736 (6th Cir. 2011) ("'[J]udges are not like pigs, hunting for truffles' that might be buried in the record."); Chi. Title Ins. Corp. v. Magnuson, 487 F.3d 985, 995 (6th Cir. 2007) ("A district court is not required to 'search the entire record to establish that it is bereft of a genuine issue of material fact.'").

"In considering a motion for summary judgment, [a court] must draw all reasonable inferences in favor of the nonmoving party." Phelps v. State Farm Mut. Auto. Ins. Co., 680 F.3d 725, 730 (6th Cir. 2012) (citing Matsushita, 475 U.S. at 587). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. (quoting Anderson, 477 U.S. at 251–52). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat summary judgment; rather, the non-moving party must present evidence upon which a reasonable jury could

find in her favor." Tingle v. Arbors at Hilliard, 692 F.3d 523, 529 (6th Cir. 2012) (quoting Anderson, 477 U.S. at 252).

**II. ANALYSIS**

Plaintiff filed four objections to the Report and Recommendation. (See ECF No. 58.) The objections are addressed in turn.

### A. The Magistrate Judge Was Not Required to Recuse Himself.

Plaintiff contends that "there is an inherent conflict in a Judge serving as a neutral mediator and later serving as a Judge of the case" and that she "understood statements of the mediator, which suggest to her that [Magistrate] Judge Pham had formed an opinion of her case at the mediation which she personally viewed a [sic] creating a conflict of interest." (See ECF No. 58 at 1–2.) Plaintiff does not cite to any legal authority to support this objection.

Pursuant to 28 U.S.C. § 455, "[f]ederal judges 'shall disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned' or '[w]here [they] have] a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.'" United States v. Adams, — F.3d —, 2013 WL 3717429, at *37 (6th Cir. 2013) (all alterations except the first in original) (quoting 28 U.S.C. § 455(a), (b)(1)). "In

5

order to justify recusal under 28 U.S.C. § 455, the judge's prejudice or bias must be personal or extrajudicial. Personal bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." United States v. Jamieson, 427 F.3d 394, 405 (6th Cir. 2005) (internal citation and quotation marks omitted); see also Liteky v. United States, 510 U.S. 540, 554 (1994) ("[W]e think that the 'extrajudicial source' doctrine, as we have described it, applies to § 455(a)."). "[E]x parte contact does not, in itself, evidence any kind of bias." Getsy v. Mitchell, 495 F.3d 295, 311 (6th Cir. 2007) (internal quotation marks omitted). "A district court judge must recuse himself where a reasonable person with knowledge of the all facts would conclude that the judge's impartiality might reasonably be questioned." Adams, 2013 WL 3717429, at *37 (internal quotation marks omitted). This standard also applies to magistrate judges. See 28 U.S.C. § 455(a).

Furthermore, "[a] favorable or unfavorable predisposition can also deserve to be characterized as 'bias' or 'prejudice' because, even though it springs from the facts adduced or the events occurring at trial, it is so extreme as to display clear inability to render fair judgment." Id. (quoting Liteky, 510 U.S. at 551) (internal quotation marks omitted).

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

Id. (alteration in original) (quoting Liteky, 510 U.S. at 555) (internal quotation marks omitted).

In Liteky v. United States, the Supreme Court explained that an example of deep-seated antagonism is the alleged statement of a district judge in "a World War I espionage case against German-American defendants: 'One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans' because their 'hearts are reeking with disloyalty.'" Liteky, 510 U.S. at 555 (alteration in original). "Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." Id. at 555-56.

In the instant case, Plaintiff's assertions are insufficient to establish that the Magistrate Judge should have recused himself. First, there is not an inherent conflict between a magistrate judge's participation in a settlement

conference and as an adjudicator because "the judge's prejudice or bias must be personal or extrajudicial."  Jamieson, 427 F.3d at 405.

Second, Plaintiff's assertions related to the Magistrate Judge's conduct at the mediation are insufficient.  Plaintiff states that the Magistrate Judge "had formed an opinion of her case at the mediation" (see ECF No. 58 at 2), but again, "the judge's prejudice or bias must be personal or extrajudicial."[1] Jamieson, 427 F.3d at 405; see also Adams, 2013 WL 3717429, at *37 (noting that opinions formed based on facts learned during the course of court proceedings cannot be the basis for a bias or partiality challenge).  Furthermore, Plaintiff's assertion in her Declaration, that she "was told that the Magistrate Judge spoke with the other side for some time before I got there" (ECF No. 58-1 ¶ 5), is insufficient because "ex parte contact does not, in itself, evidence any kind of bias."  Getsy, 495 F.3d at 311 (internal quotation marks omitted).

Third, Plaintiff's reference to "statements of the mediator, which suggest to her that [Magistrate] Judge Pham had formed an opinion of her case" (see ECF No. 58 at 2) does not

---

[1] The other judicial bias statute, 28 U.S.C. § 144, does not apply in this case, at least, because the alleged prejudice is not based on extrajudicial conduct:  "[i]t is well settled that sections 144 and 455 must be construed in pari materia and that disqualification under section 455(a) must be predicated as previously under section 144, upon extrajudicial conduct rather than on judicial conduct."  Youn v. Track, Inc., 324 F.3d 409, 423 (6th Cir. 2003) (internal quotation marks omitted).

8

indicate facts or events "so extreme as to display clear inability to render fair judgment." Adams, 2013 WL 3717429, at *37 (quoting Liteky, 510 U.S. at 551) (internal quotation marks omitted).

Accordingly, Plaintiff's first objection is OVERRULED.

**B. Plaintiff Does Not Create a Genuine Issue of Material Fact as to Whether the Discrimination Was Severe or Pervasive.**

In her second objection, Plaintiff asserts that "[t]he conclusion of the Magistrate Judge that the alleged conduct was not sufficiently severe or pervasive is an error."[2] (See ECF No. 58 at 2; see also ECF No. 52 at 15–16, 20.)

"A work environment is actionable under Title VII if the workplace is permeated with discriminatory intimidation, ridicule or insult sufficiently severe or pervasive to alter the conditions of employment." Waldo v. Consumers Energy Co., — F.3d —, 2013 WL 4038747, at *4 (6th Cir. 2013) (internal quotation marks omitted). Accordingly, "[a] successful hostile-work-environment claim under Title VII requires a plaintiff to establish that . . . the harassment was sufficiently severe or

---

[2] Plaintiff states that she "was a pro se Plaintiff, responding the best she could to Defendant's Motion for Summary Judgment." (See ECF No. 58 at 7; accord id. at 3.) The fact that Plaintiff was pro se when she responded to the Motion for Summary Judgment does not change the Court's analysis. "The Supreme Court has instructed courts to hold pleadings filed by pro se litigants to a less stringent standard than those filed by lawyers, but has 'never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'" See In re G.A.D., Inc., 340 F.3d 331, 335 (6th Cir. 2003) (quoting McNeil v. United States, 508 U.S. 106, 113 (1993)).

9

pervasive to alter the conditions of employment and create an abusive working environment . . . ." Id. (internal quotation marks omitted); see also Vance v. Ball State Univ., 133 S. Ct. 2434, 2441 (2013). "The determination of whether harassing conduct is sufficiently severe or pervasive to establish a hostile work environment is not susceptible to a mathematically precise test." Id. (internal quotation marks omitted). "Courts must look at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993)) (internal quotation marks omitted). "Under this totality-of-circumstances test, the issue is not whether each incident of harassment standing alone is sufficient to sustain the cause of action in a hostile environment case, but whether — taken together — the reported incidents make out such a case." Id. (internal quotation marks omitted).

"The conduct in question must be judged by both an objective and a subjective standard: the conduct must be severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive, and the victim must subjectively regard that environment as abusive." Thornton v.

10

Fed. Express Corp., 530 F.3d 451, 455 (6th Cir. 2008) (internal quotation marks omitted).

In the instant case, a reasonable person would not find the conduct hostile or abusive. In Plaintiff's Response to Defendant's Motion for Summary Judgment (ECF No. 25) and her Objections to the Report and Recommendation (ECF No. 58), she cites to evidence suggesting that her supervisor would stare at her breasts frequently. (See ECF No. 23-5 at 198 ("like every day"); ECF No. 25 at PageID 222, ¶ 3 ("often" and "constantly"); ECF No. 58-1 ¶¶ 8 ("whenever he was close enough to do so"), 10 ("between 3-10 times a week").)[3] Regarding her manager rubbing her back, Plaintiff testified in her deposition that it happened twice and, after she reported it to Human Resources, "[h]e didn't rub my back again." (ECF No. 23-5 at 169.) Regarding her manager breathing on her, Plaintiff testified in her deposition that it happened twice before she reported it to Human Resources and, after reporting it, "I can't recall the amount of times." (See id. at 170.) Regarding the other considerations, Plaintiff asserts only that the staring was severe on February 9, 2010, when her supervisor "stared at my breasts really hard in a sexual manner" (see ECF No. 58-1 ¶ 13). Plaintiff does not assert that the staring was "physically

---

[3] When documents are not internally paginated, or when a single filing contains multiple documents, the Court refers to the Page Identification ("PageID") number that is located at the top right of filings made on the Case Management/Electronic Case Files system.

11

threatening or humiliating," Waldo, 2013 WL 4038747, at *4, only that the staring generally "caused me to feel sick to my stomach" (ECF No. 58-1 ¶ 11), "made me very uncomfortable" on one occasion (see ECF No. 25 at PageID 222, ¶ 5), and that the back rubbing and breathing "made me very uncomfortable" on February 9, 2010 (see ECF No. 58-1 ¶ 13). Nor does Plaintiff assert that her supervisor's staring unreasonably interfered with her work performance but only that "I was always looking to see if he was near" and that she "changed how [she] would dress at work to try and make sure he could not see my breasts" (see ECF No. 58-1 ¶ 11). The Court finds this insufficient to be objectively hostile or abusive.[4] (See ECF No. 52 at 16-20 (citing relevant cases and noting that "[c]ourts have granted summary judgment for defendants in cases where the allegations of sexual harassment were much more obvious, direct, and egregious than those at issue in this case.").)

---

[4] Plaintiff further asserts that the following material facts are in dispute: "whether [Plaintiff] complained to [Human Resources] of [her supervisor's] conduct other than staring at Plaintiff's breasts" (ECF No. 58 at 4); "[w]hether Angela Scott retracted her allegations to [Human Resources] that [Plaintiff's supervisor] stared at her breasts[] and whether Angela Scott told [Human Resources] that [Plaintiff] asked her to lie about [Plaintiff's supervisor]" (id. at 5); "whether [Plaintiff] was keeping a cell phone in her blouse, and/or whether the cell phone issue was a possible explanation for [Plaintiff's supervisor's] conduct" (id.); and "whether [Plaintiff] was fired on account of using the 'N' word . . . or instead on account of making a complaint of sex harassment/hostile environment" (id. at 7). Even if supported by the record, these asserted material facts are not relevant to the Court's determination of whether the harassment was sufficiently severe or pervasive from an objective standpoint, as required by the Sixth Circuit. See Thornton, 530 F.3d at 455-56.

12

Accordingly, because Plaintiff "fails to make a sufficient showing of an essential element of [her] case on which [she] bears the burden of proof," Defendant is "entitled to judgment as a matter of law and summary judgment is proper" as to Plaintiff's Title VII claim regarding hostile work environment. See Chapman, 670 F.3d at 680. Plaintiff's second objection is therefore OVERRULED.

**C. Plaintiff's Objection Regarding Pretext Is Irrelevant.**

In her third objection, Plaintiff asserts that "the Magistrate Judge ignores the facts supporting an argument of pretext" regarding Plaintiff's retaliation claim. (ECF No. 58 at 9.) She asserts that "[t]he Magistrate Judge did not find that there was a genuine issue of material fact with respect to pretext, but one exists." (Id. at 11.)

Plaintiff, however, cannot establish a prima facie case of retaliation. As part of her prima facie case, Plaintiff must establish that "there was a causal connection between [her] protected activity and the adverse employment action." Wasek v. Arrow Energy Servs., Inc., 682 F.3d 463, 468–69 (6th Cir. 2012). The Magistrate Judge found that that Plaintiff "has failed to present any evidence of a causal connection between her complaint of harassment and her termination." (ECF No. 52 at 29.) Plaintiff makes reference to the causal connection only tersely in her fourth objection: "The evidence should have been

13

viewed in a light most favorable to Plaintiff — namely . . . that Ms. Blackmon suffered an adverse employment action that was causally connected to her protected activity." (ECF No. 58 at 11-12.) As explained below, that objection is perfunctory and thus waived. See infra Part II.D. Accordingly, because Plaintiff "fails to make a sufficient showing of an essential element of [her] case on which [she] bears the burden of proof," Defendant is "entitled to judgment as a matter of law and summary judgment is proper" as to Plaintiff's Title VII claim of retaliation. See Chapman, 670 F.3d at 680.

Accordingly, Plaintiff's objection as to the Magistrate Judge's analysis of pretext is irrelevant. Regardless of whether Plaintiff can meet her burden of production to demonstrate a genuine issue of material fact as to pretext, summary judgment is appropriate. See Fuhr v. Hazel Park Sch. Dist., 710 F.3d 668, 675 (6th Cir. 2013) (explaining the McDonnell Douglas/Burdine burden-shifting framework and noting that "the burden of persuasion always remains with the plaintiff."). Plaintiff's third objection is thus OVERRULED.

**D. Plaintiff's Fourth Objection Is Perfunctory and, Therefore, Waived.**

Plaintiff's fourth objection consists entirely of the following three sentences:

> The Magistrate Judge incorrectly relies on Defendant's Declarations to the exclusion of Ms. Blackmon's

> submitted affidavits, which is improper. The evidence should have been viewed in the light most favorable to Plaintiff — namely that the actions of [Plaintiff's supervisor] were offensive, unwelcomed and sufficiently severe or pervasive to affect the conditions of her employment; and that Ms. Blackmon suffered an adverse employment action that was causally connected to her protected activity. The result should be that Ms. Blackmon's matter progresses to trial and the Defendant's motion for summary judgment be denied.

(ECF No. 58 at 11-12.)

"Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones." El-Moussa v. Holder, 569 F.3d 250, 257 (6th Cir. 2009) (alteration in original) (internal quotation marks omitted).

Plaintiff merely makes conclusory assertions. First, Plaintiff does not refer to any specific facts. To the extent that Plaintiff intends to assert that the Magistrate Judge entirely ignored the affidavits she submitted with her Response to Defendant's Motion for Summary Judgment (see ECF No. 25 at PageID 220-23), the assertion is false, as the Magistrate Judge considered the affidavits in the Report and Recommendation (see ECF No. 52 at 14-15 (describing and quoting various assertions in Plaintiff's affidavit), 29-30 (referring to time periods derived from Plaintiff's affidavit)). Plaintiff's statement is thus perfunctory because she merely refers to the affidavits she

15

submitted with her Response to Defendant's Motion for Summary Judgment without indicating which facts in those affidavits the Magistrate Judge ignored.

Second, Plaintiff does not provide any argument regarding why the affidavits she cited in her Response to Defendant's Motion for Summary Judgment (see ECF No. 25 at PageID 220-23) create a genuine issue of material fact. The Magistrate Judge found that Plaintiff "does not meet the objective 'severe or pervasive' standard for a hostile work environment claim" (ECF No. 52 at 15–16) and that Plaintiff "has failed to present any evidence of a causal connection between her complaint of harassment and her termination" (id. at 29). Plaintiff provides no argument indicating why her affidavits create a genuine issue of material fact regarding whether her supervisor's actions were "sufficiently severe or pervasive to affect the conditions of her employment" or as to whether Plaintiff "suffered an adverse employment action that was causally connected to her protected activity." (See ECF No. 58 at 11-12.)

Accordingly, the Court finds that the fourth objection is "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation" and "deemed waived." El-Moussa, 569 F.3d at 257 (internal quotation marks omitted). Plaintiff's fourth objection is thus OVERRULED.

**III. APPEAL ISSUES**

On September 30, 2011, the Court granted Plaintiff leave to proceed in forma pauperis. (ECF No. 3 at 2.)

"[D]istrict courts [should] make a certification under [28 U.S.C.] § 1915(a)(3) for all cases filed by . . . non-prisoners seeking leave to proceed in forma pauperis on appeal." McGore v. Wrigglesworth, 114 F.3d 601, 611 (6th Cir. 1997), overruled on other grounds by LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013). Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

The good-faith standard in the context of a criminal case is purely objective:

> In the context of a criminal appeal, we do not believe it can be read to require a District Court to determine whether the would-be appellant seeks further review of his case in subjective good faith, i.e., good faith from his subjective point of view . . . . We hold [] that "good faith" in this context must be judged by an objective standard. We consider a defendant's good faith in this type of case demonstrated when he seeks appellate review of any issue not frivolous.

Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The good-faith standard in civil cases, however, is subjective. Coppedge noted:

> In discussing the "good faith" requirement of what is now 28 U.S.C. s 1915(a), . . . Senator Bacon of the Senate Judiciary Committee said: "When a judge has heard a case and it is about to be carried to an

17

> appellate court, he * * * is in a position to judge whether it is a case proceeding captiously, or viciously, or with prejudice, or from any other improper motive, or whether the litigant is proceeding in good faith." 45 Cong. Rec. 1533 (1910).

Id. at 444 n.8. Furthermore, Coppedge stated that Senator Bacon "was discussing primarily civil suits" and cited Jaffe v. United States, 246 F.2d 760 (2d Cir. 1957). Id. Jaffe states that "[a]n appeal not taken in 'good faith,' as described in § 1915(a) is not the same as a 'frivolous' appeal, for bad faith imports a consciousness of frivolity as distinct from frivolity, simpliciter." Jaffe, 246 F.2d at 761.

In the instant case, the standard applied does not change the Court's determination. The Court finds that Plaintiff has not met her summary-judgment burden, but the determination is not so clear as to consider an appeal frivolous. Accordingly, the Court will not certify that an appeal will not be taken in good faith. Plaintiff may therefore proceed in forma pauperis on appeal.

**IV. CONCLUSION**

For the reasons stated above, the Report and Recommendation is ADOPTED. Accordingly, Defendant's Motion for Summary Judgment (ECF No. 23) is GRANTED and Plaintiff's claims are hereby DISMISSED WITH PREJUDICE. The Court, however, does not certify that an appeal would not be taken in good faith.

**IT IS SO ORDERED,** this 3rd day of September, 2013.

/s/ Jon P. McCalla
JON P. McCALLA
U.S. DISTRICT COURT JUDGE